Richard LAVEY

v.

THOMAS OLEAN & SONS, INC.

No. 83-252-Appeal.

Supreme Court of Rhode Island.

Dec. 17, 1985.

Raul L. Lovett, Lovett, Morgera, Scheffrin & Gallogly, Providence, for petitioner.

Michael T. Wallor, Hanson, Curran & Parks, Providence, for respondent.

## OPINION

MURRAY, Justice.

This matter is before this court on cross-appeals by Richard Lavey (employee) and Thomas Olean & Sons, Inc. (employer) from a decree of the Workers' Compensation Commission entered on March 2, 1983, granting the employee's petition to enforce an earlier decree. We affirm in part and reverse in part.

On March 31, 1978, the employee sustained back and leg injuries in the course of his employment with Thomas Olean &

Sons, Inc. By decree entered on November 17, 1978, the Workers' Compensation Commission awarded compensation benefits to the employee. The commission found that as a result of the injuries sustained, the employee was totally disabled from March 31, 1978 through July 26, 1978 and was partially disabled thereafter. Accordingly, the employer was ordered to pay to the employee total-incapacity benefits for the March 31 through July 26, 1978 period. The commission further ordered the employer to pay benefits for partial incapacity for the period commencing on July 27, 1978. Partial benefits were to continue until the decree was modified or terminated in accordance with the provisions of the Workers' Compensation Act. The employee was directed to report to the employer earnings received from any other employer in order that the amount of compensation due him could be calculated.

On December 4, 1979, the employee filed with the commission a petition to enforce the 1978 decree. He alleged that the employer had failed to pay compensation in accordance with the provisions of the decree.

Hearings on the matter were subsequently conducted before a trial commissioner. The parties stipulated that compensation had not been paid for the periods November 15, 1978 to July 30, 1979, and November 3, 1979 and thereafter. The employee admitted that he did not report to the employer whether he had received earnings during these two periods. However, he testified that he received no earnings during either period. The employee testified that although he performed services for Plumbers, Inc., in which he was sole shareholder, he had received no wages from the corporation. The employer attempted to prove that the employee was in fact receiving compensation from Plumbers, Inc. Evidence presented indicated that

corporate funds had been used to pay certain of the employee's personal expenses.

By decree entered on December 11, 1980, the trial commissioner adjudged the employer in contempt of the 1978 decree. The employer was ordered to pay the compensation owed for the periods November 15, 1978 to July 30, 1979, and November 3, 1979 and following, together with the 20-percent penalty mandated by G.L.1956 (1979 Reenactment) § 28-35-43. The employee was also awarded counsel fees.

The employer subsequently appealed to the appellate commission.

In its decision filed on February 23, 1983, the appellate commission affirmed the trial commissioner's finding that the employer was in contempt of the 1978 decree. The commission found that the employer had unilaterally suspended compensation payments during the two subject periods. The commission rejected the employer's contention that the employee was receiving compensation for services performed for Plumbers, Inc. Noting that earnings or wages must be distinguished from receipt of corporate profits, the commission stated that there was no evidence in the record to suggest that the employee was receiving other than profits of the corporation.[1] Accordingly, the employer was ordered to pay compensation for the subject periods. The commission also awarded counsel fees to the employee.

The appellate commission exempted the employer from the 20-percent penalty for delinquent payment mandated by § 28-35-43. As basis for the excusal, the commission cited mitigating circumstances, specifically the employee's uncooperativeness and the trial commissioner's erroneous refusal to permit the employer to examine any of the financial records of the employee or of Plumbers, Inc., other than the corporate checkbook.

A final decree, in accordance with the above decision, was entered by the appel-

---

1. In this opinion we do not pass upon the correctness of the commission's finding on the issue of compensation or profits. This issue is not before us in light of the unilateral termination of benefits by the employer.

late commission on March 2, 1983. It is from this decree that both parties appeal to this court.

The employer appeals from that portion of the decree adjudging the employer in contempt. The employer alleges that the commission's finding that Thomas Olean & Sons, Inc., had unilaterally suspended payments was erroneous. In substance, the employer contends that the employee's obligation to report wages received from other sources was a condition precedent to its duty to pay compensation.

The employer strenuously argues that the employee was in fact receiving compensation from Plumbers, Inc. However, since this case is before us on appeal from an order adjudging the employer in contempt, we do not now have before us the question of the employee's receipt of wages from other sources.

■ The commission's finding that the employer had unilaterally suspended compensation payments in violation of the 1978 decree is supported by the record. The parties stipulated that the employer failed to pay compensation owing for the periods November 15, 1978 to July 30, 1979, and November 3, 1979 and following. There is no evidence in the record which suggests that the cessation was other than a voluntary act by the employer. The employer now seeks to justify its nonpayment by arguing that the employee failed to report wages received from other employers. However, an employee's voluntary return to work, although it may signal a reduction in, or an end of, any impairment of earning capacity, does not entitle the employer to unilaterally modify or terminate its continuing obligation to pay weekly compensation benefits. Rather, relief from that obligation can be obtained only by resort to a procedure made available under the Workers' Compensation Act. *Cabral v. Converse Rubber Co.*, 121 R.I. 606, 611, 401 A.2d 1281, 1283–84 (1979); *Walker v. Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 585, 382 A.2d 173, 176 (1978).

The employee appeals from that portion of the decree exempting the employer from the penalty for delinquent payment mandated by § 28–35–43. Section 28–35–43 requires that a 20–percent penalty be added to the amount owing if any compensation payment payable under the terms of an order or decree is not paid within fourteen days after it becomes due. The statute provides that the commission may grant relief from the penalty only after a showing that nonpayment was the result of conditions over which the employer or the insurer had no control.

■ We find that the commission erred in exempting the employer from the penalty. There is neither a finding by the commission nor any evidence to suggest that nonpayment resulted from conditions over which the employer had no control. Rather, the record indicates that the employer voluntarily ceased payment. As noted earlier, the commission found that the employer had unilaterally suspended payments.

The mitigating circumstances cited by the commission as basis for excusal are irrelevant. The commission found that the trial commissioner erred in denying the employer access to the employee's financial records. The employer sought such information during proceedings on the employee's petition to enforce the 1978 decree. Therefore, the denial, having occurred subsequent to the employer's cessation of payment, could not have been a cause of nonpayment.

Further, the commission found the employee's uncooperative attitude to be a mitigating factor. However, as the commission stated, the employer unilaterally ceased payments. Therefore, the employee's alleged uncooperativeness was insufficient to support a finding that nonpayment was the result of circumstances beyond the control of the employer.

For the reasons stated, the employer's appeal is denied and dismissed. The employee's appeal is sustained. The decree is vacated to the extent that it exempts the employer from the 20–percent penalty man-

dated by § 28–35–43, and the case is remanded to the appellate commission for entry of a decree in accordance with this opinion. The decree appealed from is affirmed in all other aspects.